# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**In Re: Sherif Maher Saad**
 **and**
**Evette Adel Saad**

**EVETTE ADEL SAAD,**

       **Appellant,**

**v.**                                                  **Case No:   6:16-cv-30-Orl-31**

**ARVIND MAHENDRU,**

       **Appellee.**

## ORDER

This matter comes before the Court on the Motion to Dismiss Appeal (Doc. 7) filed by the Appellee, Arvind Mahendru ("Mahendru").   Although the deadline has passed, no response has been filed by the Appellant, Evette Adel Saad ("Saad").

Saad seeks to appeal an order of the Bankruptcy Court denying her motion to dismiss her Chapter 7 case.  (Doc. 1 at 1).   Mahendru argues that the appeal should be dismissed because this court lacks subject matter jurisdiction.

Pursuant to 28 U.S.C. § 158(a), district courts possesses jurisdiction to hear appeals

> (1) from final judgments, orders, and decrees;
>
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
>
> (3) with leave of the court, from other interlocutory orders and decrees;

>and, with leave of the court, from interlocutory orders and decrees,
>of bankruptcy judges entered in cases and proceedings referred to
>the bankruptcy judges under section 157 of this title.

To be final, a bankruptcy court order must "completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." *In re Atlas,* 210 f.3d 1305, 1308 (11th Cir. 2000). The instant order, which simply allows the Debtor's case to continue, is therefore not a final order. *See, e.g.*, *In re Donovan*, 532 F.3d 1134 (11th Cir. 2008) (finding that order denying creditor's motion to dismiss Chapter 7 case for bad faith was not a final order). In addition, no other basis for this Court to exercise jurisdiction pursuant to 28 U.S.C. § 158(a) appears in the record. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss Appeal (Doc. 7) is **GRANTED**, and this appeal is **DISMISSED**. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 2, 2016.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

- 2 -